IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRANKIE POLK, #1558590 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1145 |
| WILLIAM STEPHENS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Frankie Polk, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #15) concluding that the lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Polk has filed objections (Dkt. #16).

Mr. Polk complains about the confiscation of his legal property. Magistrate Judge Love analyzed the lawsuit as both a property claim and a denial of access to court claim. The finding was made that the lawsuit was frivolous under either theory.

In his objections, Mr. Polk focuses on the denial of access to court claim. He correctly observes that the United States Supreme Court has found "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977). Both his complaint and objections focus on the confiscation and destruction of his legal property, but the deprivation of such property, standing alone, does not provide a basis for a potentially meritorious civil rights lawsuit. To proceed on a claim that he has been denied his constitutional

1

right of access to the courts, a prisoner must demonstrate prejudice or harm by identifying a "nonfrivolous," "arguable" underlying legal claim that was frustrated or impeded by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 2187 (2002); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2181 (1996). *See also Trevino v. Gutierrez*, 426 F. App'x 327, 329 (5th Cir. 2011) (A prisoner must demonstrate "actual harm" by showing "that his ability to pursue a nonfrivolous legal claim was hindered by the defendants' actions.").

Mr. Polk has not made the requisite showing. He has only shown that his legal documents were confiscated and that documents belonging to other inmates were likewise confiscated. He has not, however, shown actual harm, as that requirement was defined by the Supreme Court. By comparison, Magistrate Judge Love discussed Mr. Polk's petition for a writ of habeas corpus that was pending in the Southern District of Texas at the time the legal documents were confiscated. By the time of the confiscation, Mr. Polk had already filed his petition. His records, along with the State court records, were before the Southern District, and the Southern District issued a thorough opinion denying relief on the merits. Mr. Polk simply has not shown that he was unable to pursue a nonfrivolous, arguable legal claim because of the confiscation of his legal property. He has not shown actual harm; thus, Magistrate Judge Love appropriately recommended that the lawsuit be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Polk to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Polk's

objections are without merit. Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **5** day of **January, 2017.**

_____
Ron Clark, United States District Judge